IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Karl May, Individually, and as Admin. of the Estate of Terrell Mitchell, Deceased, et. al.,** | FILED PURSUANT TO 28 U.S.C. §§ 1331, 1391 AND LOCAL CIV. R. 5.1.2 |
| **Plaintiffs,** | |
| v. | |
| **City of Philadelphia Philadelphia Police Department,** | CIVIL ACTION No. 22-cv-2073 |
| **and** | |
| **P/O Michael Gates and Donald Hollaway,** | JURY TRIAL DEMANDED |
| **Defendants.** | |

**FIRST AMENDED COMPLAINT**

Plaintiffs, Karl May, individually and as Administrator of the Estate of Terrell Mitchell, Deceased, and the Estate of Terrell Mitchell, by and through their undersigned counsel, the Law Office of J. Conor Corcoran, P.C., hereby allege as follows:

**PARTIES**

1. Plaintiff, Karl May, Individually and as Administrator of the Estate of Terrell Mitchell, Deceased, is an adult individual and resident of the Commonwealth of Pennsylvania residing at 5222 Hawthorne Street, Phila., PA 19124. At any and all times relevant herein, Plaintiff Karl May is and was the father of Terrell Mitchell, the decedent, as further set forth at length *infra*.

2. Plaintiff Estate of Terrell Mitchell is an estate currently being administered by Plaintiff Karl May, *supra*, and/or currently being administrated with a principal place of business located at 5222 Hawthorne Street, Phila., PA 19124.

3. Defendant City of Philadelphia, Philadelphia Police Department (hereinafter "Defendant City") is a city, political subdivision, governmental entity and municipality in the Commonwealth of Pennsylvania, organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at the City Solicitor's Office, 1515 Arch Street, 14th floor, Philadelphia, PA 19103.

4. Defendant P/O Michael Gates is an adult individual and resident of the Commonwealth of Pennsylvania with a principal place of business located at 701 Race Street, Philadelphia, PA 19106, and/or 1515 Arch Street, 14th floor, Philadelphia, PA 19103, and at any and all times relevant, was a police officer acting under the color of state law pursuant to official policy, custom and/or practice

of Defendant City's Philadelphia Police Department, and is being sued in his individual and official capacity, and is the Caucasian police officer appearing in the video screengrabs attached hereto and incorporated herein as Exhibit A, as further set forth *infra*.

5. Defendant P/O Donald Hollaway is an adult individual and resident of the Commonwealth of Pennsylvania with a principal place of business located at 701 Race Street, Philadelphia, PA 19106, and/or 1515 Arch Street, 14th floor, Philadelphia, PA 19103, and at any and all times relevant, was a police officer acting under the color of state law pursuant to official policy, custom and/or practice of Defendant City's Philadelphia Police Department and/or Defendant Septa's police department, and is being sued in his individual and official capacity, and is the Black police officer appearing in the video screengrabs attached hereto and incorporated herein as Exhibit A, as further set forth *infra*.

6. At any and all times relevant, Defendants P/O Michael Gates and Donald Holloway were police officers with Defendant City of Philadelphia, Philadelphia Police Department at Septa's Frankford Transportation Center, located at 5223 Frankford Avenue, Philadelphia, PA 19124.

7. At any and all times relevant, and on May 29, 2020 in particular, Defendant City of Philadelphia has owned, operated, maintained, was responsible for, and/or otherwise provided and/or controlled security and/or policing services, in the parking lot of the Frankford Transportation Center, located at 5223 Frankford Avenue, Philadelphia, PA 19124.

## JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as Plaintiffs' claims arise under the Fourth, and/or Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendants can be found in, reside, or transact business in this District.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the events or omissions giving rise to the claims set forth herein *infra* occurred in this District.

## MATERIAL FACTS

11. At any and all times material hereto, Defendant City was responsible for adopting and enforcing rules, policies and directives regarding the conduct and deportment of members of the Philadelphia Police Department.

12. At any and all times material hereto, Defendant City's written policies provided that only the minimal amount of force necessary to protect human life should be used by all police officers.

13. At any and all times material hereto, Defendant City's written policies provided that police officers will exhaust all reasonable means of apprehension and control before resorting to the use of deadly force.

14.     At any and all times material hereto, Defendant City's written policies provided that deadly force will be used only as a last resort.

15.     At any and all times material hereto, Defendant City's written policies provided that police officers shall not use deadly force against another person, unless they reasonably believe they must protect themselves or another person present from imminent death or serious bodily injury.

16.     At any and all times material hereto, Defendant City's written policies provided that police officers shall not discharge their firearms upon an individual in the midst of a mental health crisis and/or medical emergency.

17.     At any and all times material hereto, Defendant City's written policies provided that police officers should ensure their actions and/or inactions do not precipitate the use of deadly force by placing themselves or others in jeopardy by taking unnecessary, overly aggressive, or improper actions.

18.     As of May 29, 2020, Defendant City's Police Department has long distributed, and/or should have distributed, tasers (otherwise known as an "Electronic Control Weapon" and/or an "ECW") as an effective "less than lethal" tool to only those officers who have undergone "Crisis Intervention Training" ("CIT"), for the purposes of subduing individuals who are undergoing a mental health crisis and/or a medical emergency, such that they pose a danger to themselves and/or others, such as Plaintiff herein, as further set forth *infra* at length.

19.     Defendant City's Police Department's provision of tasers to their uniformed police officers, such as Defendants P/O Michael Gates and/or Donald Hollaway herein, is for the purpose of subduing individuals undergoing said mental health crises or medical emergencies, as an alternative to the employment of deadly weapon(s) theretofore given to said police officers, to deal with such individuals under such circumstances – namely, a gun.

20.     As of May 29, 2020, however, Defendants' police officers have shot and killed more people in any given year and/or year(s), at a rate substantially higher than the national average for other similar police officers.

21.     As of May 29, 2020, the United States Department of Justice had investigated the policies of Defendant City's police department, and concluded that said Defendant(s) requirement(s) of their police officers, to complete CIT Training **before** obtaining an ECW, actually limited the distribution of less than lethal tools, to such officers as Defendants P/O Michael Gates and/or Donald Hollaway herein, for the purposes of subduing individuals, such as decedent Terrell Mitchell herein, from posing a threat to themselves and/or others.  See Collaborative Reform Initiative - An Assessment of Deadly Force in the Philadelphia Police Department, U.S. Department of Justice, Mar 2015, Finding 8.

22.     As further found in the aforementioned March 2015 report, the U.S Department of Justice recommended that said Defendants' police department(s) should decouple the provision of ECWs upon completion of CIT training, both conceptually and operationally, that ECWs should be standard issued weapons for all police officers, and that the Defendant City should dispatch CIT officers to any incidents involving persons in a probable state of mental health crisis, such as Decedent Terrell Mitchell herein, as further set forth *infra*.  See Collaborative Reform Initiative - An

<u>Assessment of Deadly Force in the Philadelphia Police Department</u>, U.S. Department of Justice, Mar 2015, Recommendations 8.1, 8.2, and 8.3.

23. Despite these clear directives provided to Defendant City, as of May 29, 2020, said Defendant's police department and/or Defendants P/O Michael Gates and/or Donald Hollaway failed to comply with these common sense, life saving recommendations, despite the clear admonition to do so from the U.S. Department of Justice.

24. On May 29, 2020, Plaintiffs' Decedent, Terrell Mitchell, was present at the Frankford Transportation Center at 5223 Frankford Avenue, Philadelphia, PA 19124, and was in the midst of a mental health crisis and/or medical emergency.

25. As of May 29, 2020, Plaintiffs' Decedent, Terrell Mitchell, was regularly present at the Frankford Transportation Center, and may have been regularly known to Defendants City and/or Defendants P/O Michael Gates and/or Donald Hollaway, as a person regularly in the midst of a mental health crisis and/or medical emergency.

26. As of May 29, 2020, Defendants City and/or Defendants P/O Michael Gates and/or Donald Hollaway, had previously interacted with decedent Terrell Mitchell, and knew or should have known he was regularly in the midst of a mental health crisis and/or medical emergency.

27. On May 29, 2020, Defendants P/O Michael Gates and/or Donald Hollaway responded to a call for their services to the Frankford Transportation Center, regarding the Decedent Terrell Mitchell, and were notified that he was in the midst of a mental health crisis and/or medical emergency, and that he may have had a weapon in his possession.

28. On May 29, 2020, upon their arrival to the Frankford Transportation Center, Defendants P/O Michael Gates and/or Donald Hollaway observed that the decedent Terrell Mitchell, was in the midst of a mental health crisis and/or medical emergency, and/or that he may have had a weapon in his possession.

29. As set forth in the following seven (7) video screengrabs attached hereto and incorporated herein as <u>Exhibit A</u>, on May 29, 2020, rather than comply with directives and/or policies regarding de-escalation and/or conflict resolution with individuals in mental health crisis, medical emergency, and/or possession of a weapon, Defendants P/O Michael Gates and/or Donald Hollaway instead actively chased and/or attempted to corral the decedent Terrell Mitchell, in the parking lot of the Frankford Transportation Center, with their firearms drawn in anticipation of shooting Terrell Mitchell (rather than a taser), to wit:

(Seven screengrabs to appear on seven succeeding pages)















*See* Exhibit A.

30.     As set forth in Exhibit A, on May 29, 2020, Defendants P/O Michael Gates and/or Donald Hollaway were actively engaged in the chase and/or corral of the Decedent Terrell Mitchell, and drew their firearms in anticipation of shooting him with a bullet (rather than a taser) for such a significantly lengthy period of time, that third-party bystander(s) were able to witness the same, and begin recording the same, with a cell phone video camera. *See* Exhibit A (a full and complete copy of the video shall be provided to the Court and opposing counsel upon request.)

31.     On May 29, 2020, in the course of chasing and/or corralling the Decedent about the parking lot of the Frankford Transportation Center, both Defendants P/O Michael Gates and/or Donald Hollaway each drew his firearm, in anticipation of shooting him with a bullet (rather than a taser), whereupon Defendant Michael Gates opted to fire his gun at the decedent, instead of employing a taser and/or otherwise engaging in de-escalation and/or conflict resolution with the Decedent, who was clearly in the midst of a mental health crisis and/or medical emergency, despite the lengthy amount of time with which both Defendants P/O Michael Gates and/or Donald Hollaway were afforded to otherwise subdue Terrell Mitchell, and/or policies and/or procedures mandating that they do otherwise.

32.     Defendant P/O Michael Gates's decision to fire his gun at the Decedent Terrell Mitchell (in conjunction with Defendant Donald Hollaway's decision to bear his firearm in anticipation of shooting), particularly given the significant length of time and abundance of opportunity to otherwise subdue him through less violent means, was egregiously excessive, unnecessary, and constituted an unlawful use of force upon the decedent, who died shortly thereafter.

33.     As set forth in Exhibit A, while the Decedent may have been in possession of a weapon and was otherwise in a clear mental health crisis, the decision to shoot the decedent was unauthorized and excessive under the policies and/or directives of Defendant City, and/or under existing law, particularly where, as here, Defendants P/O Michael Gates and/or Donald Hollaway exacerbated the situation by attempting to chase, provoke and/or corral the decedent. *See* Exhibit A.

34.     Upon information and belief, Defendants P/O Michael Gates and/or Donald Hollaway were afforded enough time to subdue the Decedent, Terrell Mitchell, such that multiple bystanders were able to observe the same, and that said amount of time can be ascertained from multiple video cameras located at Septa's Frankford Transportation Center, and/or other nearby cameras. *See* Exhibit A.

35.     As a direct and proximate result of the shooting of Terrell Mitchell by Defendant Michael Gates, and the Defendants' failure to otherwise engage in de-escalation and/or the use of an ECW or taser, Plaintiffs' Decedent suffered a severe bodily injury which caused and/or contributed to his death.

36.     As a direct and proximate result of the shooting of Terrell Mitchell by Defendant P/O Michael Gates, and the Defendants' failure to otherwise engage in de-escalation and/or the use of an ECW or taser, Plaintiffs' Decedent received medical attention and care and/or incurred various expenses in the provision of the same, up until the time of his death on or about May 29, 2020.

37.	As a direct and proximate result of the shooting of Terrell Mitchell by Defendant P/O Michael Gates, and the Defendants' failure to otherwise engage in de-escalation and/or the use of an ECW or taser, Plaintiffs' Decedent suffered a severe loss of his earnings and/or wages and impairment of his earning capacity.

38.	As a direct and proximate result of the shooting of Terrell Mitchell by Defendant P/O Michael Gates, and the Defendants' failure to otherwise engage in de-escalation and/or the use of an ECW or taser, Plaintiffs' Decedent suffered severe physical pain and trauma, conscious pain and suffering, and mental anguish up until the time of his death on or about May 29, 2020.

39.	As a direct and proximate result of the shooting of Terrell Mitchell by Defendant P/O Michael Gates, and the Defendants' failure to otherwise engage in de-escalation and/or the use of an ECW or taser, Plaintiffs' Decedent suffered a permanent diminution of his ability to enjoy life and life's pleasures.

40.	Neither Defendant P/O Michael Gates nor Defendant P/O Donald Hollaway sustained any injuries.

41.	Since the actions and/or inactions of Defendants, as set forth *supra* on May 29, 2020, Lt. Jason Hendershot of the Officer Involved Shooting Investigation division of Defendant City's Philadelphia Police Department, had refused to provide Plaintiffs with the names and/or contact information for Defendants P/O Michael Gates and/or Donald Hollaway, as well as any police report concerning the events of May 29, 2020 as aforementioned; however, in response to this Court's Order of July 25, 2022 in the above captioned matter, on July 25, 2022, the City Solicitor's Office (by virtue of an email from Derek Kane, Esq. to undersigned counsel for the Plaintiffs) finally identified the officers involved in the deadly shooting at issue, namely Defendant P/O Michael Gates, badge number 9619, and Defendant P/O Donald Hollaway, badge number 2064, a true and correct copy of which is attached hereto and incorporated herein as Exhibit A.

42.	The actions and/or inactions of Defendants herein, as aforementioned, directly and proximately caused the injuries and damages suffered by the Plaintiffs' Decedent, and were not due to any acts and/or omissions of Decedent, Terrell Mitchell, who was in the midst of a mental health crisis and/or medical emergency, as aforementioned.

43.	The unreasonable and unjustifiable actions and/or inactions of Defendants P/O Michael Gates and/or Donald Hollaway were substantial factors in causing the serious bodily injuries sustained by the Plaintiffs and/or their decedent, Terrell Mitchell, including but not limited to pain, suffering, agony, anxiety, mental anguish, disability, mental disturbance, loss of life's pleasures, loss of well being, loss of companionship, and/or death.

**COUNT I – CIVIL RIGHTS**
**42 U.S.C. § 1983 et. seq. & Fourth Amendment to the U.S. Constitution**
**Plaintiffs**
**v.**
**Defendants P/O Michael Gates and Donald Hollaway, and Defendant City**

44.	Averments 1 through 43 are hereby incorporated as though fully set forth herein at length.

45. Defendant City of Philadelphia is a municipal entity that is subject to suit pursuant to 42 U.S.C. § 1983.

46. Plaintiffs are no longer asserting any claim against Septa, for the reasons set forth in <u>Exhibit A</u>.

47. Defendant City's constitutional torts, as aforementioned *supra*, are not governed or limited in any way by 42 Pa.C.S.A § 8541 et. seq., or 42 Pa.C.S.A. § 8521 et. seq.

48. Defendant P/O Michael Gates' constitutional torts, as aforementioned *supra*, are not governed or limited in any way by 42 Pa.C.S.A § 8541 et. seq., or 42 Pa.C.S.A. § 8521 et. seq.

49. Defendant P/O Donald Hollaway's constitutional torts, as aforementioned *supra*, are not governed or limited in any way by 42 Pa.C.S.A § 8541 et. seq., or 42 Pa.C.S.A. § 8521 et. seq.

50. At any and all times material hereto, Defendants P/O Michael Gates and/or Donald Hollaway, and/or Defendant City, acted under the color of state law.

51. All Defendants herein violated Decedent Terrell Mitchell's Fourth Amendment right to be secure against unreasonable searches and seizures.

52. At any and all times material hereto, Defendants P/O Michael Gates and/or Donald Hollaway lacked probable cause and/or reasonable suspicion that Plaintiffs' Decedent was or had been engaged in criminal activity to justify any stop, detainment and/or seizure of Terrell Mitchell.

53. At any and all times material hereto, Defendants knew that Terrell Mitchell's right to be secure against unreasonable searches and seizures were clearly established constitutional rights.

54. At all times material hereto, Plaintiff posed no actual or imminent threat of death and/or serious bodily injury to pedestrians, other third parties, Defendants P/O Michael Gates and/or Donald Hollaway, and/or other police officers.

55. Nonetheless, Defendants P/O Michael Gates and/or Donald Hollaway unreasonably and unjustifiably restricted Plaintiff's constitutional rights by brandishing a firearm (instead of a taser) and by the excessive use of deadly force.

56. As a direct and proximate result of Defendants P/O Michael Gates and/or Donald Hollaway's unreasonable, unjustifiable, and unconstitutional conduct, the Plaintiffs' decedent was caused to suffer the injuries and damages described in averments 11 through 43, *supra*.

WHEREFORE, Plaintiffs demand judgment against Defendants City, and/or Defendants P/O Michael Gates and/or Donald Hollaway, and compensatory damages, jointly and severally, together with attorney's fees and costs, and pre and post judgment interest. Plaintiffs hereby certify pursuant to Local Civil Rule 53.2(3) that the value of the Plaintiffs' claim is in excess of $150,000 exclusive of interest and costs, and that Plaintiffs' claim alleges a violation of rights secured by the U.S. Constitution.

## COUNT II – CIVIL RIGHTS - § 1983/Monell/4th Amendment
### Plaintiffs
### v.
### Defendant City

57. Plaintiffs hereby incorporate averments 1 through 56 as though fully set forth herein at length.

58. The conduct as set forth *supra* and herein evinces the excessive and unreasonable use of deadly force in violation of Plaintiffs' decedent's Fourth Amendment rights.

59. The conduct as set forth above and herein demonstrates that Defendant City failed to provide police officers with tasers and/or failed to properly train police officers on the use of deadly force, the excessive use of deadly force, the identification of an actual or imminent threat of death or serious bodily injury, interactions between police officers and civilians, particularly those in the midst of a mental health crisis or medical emergency, and probable cause and reasonable suspicion to stop, detain or seize a citizen, that deprived Plaintiffs' decedent, Terrell Mitchell, of his constitutional rights.

60. The conduct as set forth *supra* indicates that Defendant City failed to enforce their Police Department's written policies regarding the use of deadly force and/or had an unwritten policy or custom regarding the use of deadly force that differed and/or was contrary to their Police Department's written policies regarding the use of deadly force and/or had an unwritten policy or custom that authorized and/or sanctioned officers to not follow their Police Department's written policies regarding the use of deadly force that deprived Plaintiffs' decedent, Terrell Mitchell, of his constitutional rights.

61. The conduct as set forth *supra* indicates that Defendant City had inappropriate policies, procedures, customs and practices with respect to the use of deadly force, the excessive use of deadly force, the identification of an actual or imminent threat of death or serious bodily injury, interactions between police officers and civilians (particularly those in the midst of a mental health crisis and/or medical emergency), and probable cause and reasonable suspicion to stop, detain or seize a citizen, that deprived Plaintiffs' decedent, Terrell Mitchell, of his constitutional rights.

WHEREFORE, Plaintiffs demand judgment against Defendant City, and compensatory damages, jointly and severally, together with attorney's fees and costs, and pre and post judgment interest. Plaintiff hereby certifies pursuant to Local Civil Rule 53.2(3) that the value of the Plaintiffs' claim is in excess of $150,000 exclusive of interest and costs, and that Plaintiffs claim alleges a violation of rights secured by the U.S. Constitution.

## COUNT III – CIVIL RIGHTS
### 42 U.S.C. § 1983 et. seq. & Fourteenth Amendment to the U.S. Constitution
### Plaintiffs
### v.
### Defendants P/O Michael Gates and Donald Hollaway, and Defendant City

62. Plaintiffs hereby incorporated averments 1 through 61 as though fully set forth herein at

length.

63. Defendants P/O Michael Gates and/or Donald Hollaway, and/or Defendant City violated Terrell Mitchell's Fourteenth Amendment right to bodily integrity and freedom from physical restraint.

64. Defendants P/O Michael Gates and/or Donald Hollaway, and/or Defendant City knew that Plaintiff's right to bodily integrity and freedom from physical restraint was a clearly established constitutional right.

65. The conduct set forth *supra* and herein demonstrates that the harm caused to Terrell Mitchell was a foreseeable and fairly direct result of Defendants' conduct.

66. The conduct set forth *supra* and herein demonstrates that Defendants acted with deliberate indifference and conscious disregard of the great risk of serious harm to Plaintiff.

67. The conduct as set forth *supra* and herein was so egregious as to shock the conscience.

68. The conduct as set forth *supra* and herein demonstrates that Defendants unreasonably and unjustifiably targeted Terrell Mitchell and placed him in a foreseeably dangerous position.

69. The conduct as set forth *supra* and herein demonstrates that Defendants' conduct affirmatively created an opportunity that otherwise would not have existed for harm to Terrell Mitchell to occur.

70. As a direct and proximate result of Defendants P/O Michael Gates and/or Donald Hollaway's deliberately indifferent and conscious-shocking conduct, Plaintiff was caused to suffer the injuries and damages described in averments 11 through 43, *supra*.

WHEREFORE, Plaintiffs demand judgment against Defendants City and/or Defendants P/O Michael Gates and/or Donald Hollaway, and compensatory damages, jointly and severally, together with attorney's fees and costs, and pre and post judgment interest. Plaintiffs hereby certify pursuant to Local Civil Rule 53.2(3) that the value of the Plaintiffs' claim is in excess of $150,000 exclusive of interest and costs, and that Plaintiffs' claim alleges a violation of rights secured by the U.S. Constitution.

**COUNT IV – CIVIL RIGHTS- § 1983/Monell/14th Amendment**
**Plaintiffs**
**v.**
**Defendant City**

71. Plaintiffs hereby incorporate averments 1 through 70 as though fully set forth herein at length.

72. The conduct as set forth *supra* and herein evinces a state-created danger in violation of Terrell Mitchell's Fourteenth Amendment rights.

73. The conduct as set forth *supra* and herein demonstrates that Defendant City failed to

properly train police officers on the use of deadly force, the excessive use of deadly force, the identification of an actual or imminent threat of death or serious bodily injury, interactions between police officers and civilians (particularly those in the midst of a mental health crisis and/or medical emergency, such as Terrell Mitchell), and probable cause and reasonable suspicion to stop, detain or seize a citizen that deprived Terrell Mitchell of his constitutional rights.

74. The conduct as set forth *supra* and herein indicates that Defendant City failed to enforce its Police Department's written policies regarding the use of deadly force and/or had an unwritten policy or custom regarding the use of deadly force that differed and/or was contrary to the Police Department's written policies regarding the use of deadly force and/or had an unwritten policy or custom that authorized and/or sanctioned officers to not follow their Police Department's written policies regarding the use of deadly force that deprived Terrell Mitchell of his constitutional rights.

75. The conduct as set forth *supra* and herein indicates that Defendant City had inappropriate policies, procedures, customs and practices with respect to the use of deadly force, the excessive use of deadly force, the identification of an actual or imminent threat of death or serious bodily injury, interactions between police officers and citizens (particularly those in the midst of a mental health crisis and/or medical emergency), and probable cause and reasonable suspicion to stop, detain, or seize a citizen that deprived Terrell Mitchell of his constitutional rights.

WHEREFORE, Plaintiffs demand judgment against Defendant City, and compensatory damages, jointly and severally, together with attorney's fees and costs, and pre and post judgment interest. Plaintiffs hereby certify pursuant to Local Civil Rule 53.2(3) that the value of the Plaintiffs' claim is in excess of $150,000 exclusive of interest and costs, and that Plaintiffs' claim alleges a violation of rights secured by the U.S. Constitution.

## CLAIM FOR RELIEF

WHEREFORE, Plaintiffs request that judgment be entered against all Defendants for damages to be determined at trial by jury, and for all other and further relief as the Court may deem just and equitable.

## JURY TRIAL DEMANDED

Respectfully Submitted,

LAW OFFICE OF J. CONOR CORCORAN, P.C.

Date:   December 15, 2022        By:    J. Conor Corcoran, Esquire
                                        2601 Pennsylvania Avenue
                                        Suite 501
                                        Philadelphia, PA 19130
                                        T: (215) 735-1135
                                        F: (215) 735-1175
                                        E: conor@jccesq.com
                                        *Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I, J. Conor Corcoran, hereby certify that a true and correct copy of the foregoing Amended Complaint was sent to the following as further set forth herein:

Derek Kane, Esq.
Attorney for Defendant City
VIA ECF AND EMAIL: derek.kane@phila.gov

Defendant P/O Michael Gates
VIA FIRST CLASS MAIL
1515 Arch Street, 14th Floor
Philadelphia, PA 19102

Defendant P/O Donald Hollaway
VIA FIRST CLASS MAIL
1515 Arch Street, 14th Floor
Philadelphia, PA 19102

Respectfully Submitted,

LAW OFFICE OF J. CONOR CORCORAN, P.C.

Date:  December 15, 2022        By:    J. Conor Corcoran, Esquire
2601 Pennsylvania Avenue
Suite 501
Philadelphia, PA 19130
T: (215) 735-1135
F: (215) 735-1175
E: conor@jccesq.com
*Attorney for Plaintiffs*