IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KARL MAY | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 22-2073 |
| | : | |
| CITY OF PHILADELPHIA | : | |
| PHILADELPHIA POLICE | : | |
| DEPARMENT, P/O MICHAEL | : | |
| GATES, P/O DONALD HOLLAWAY | : | |

# ORDER

**AND NOW**, this 21st day of September 2023, upon considering defendants' partial motion to dismiss (DI 21), plaintiff's opposition (DI 22), and defendants' reply (DI 25), it is **ORDERED**:

1. Defendants' partial motion to dismiss (DI 21) is **DENIED**;[1]

2. We will hold an **INITIAL PRETRIAL VIDEOCONFERENCE** via Microsoft Teams on **October 19, 2023** at **2:00pm**. We will send a videoconference link by e-mail to all counsel of record;

---

[1] Individual defendants Gates and Hollaway were added by amendment (replacing John Does) on December 15, 2022, following Judge Wolson's grant of plaintiff's motion to amend on November 2, 2022. On February 13, 2023, the individual defendants moved to dismiss the claims against them as out of time, arguing that the amendment failed to relate back under Rule 15(c)(1)(C) because they were not notified within 90 days of the commencement of the lawsuit (which was May 26, 2022). Plaintiff correctly relies on the "shared attorney" relation back method. *See Garvin v. City of Philadelphia*, 354 F.3d 215, 223-25 (3d Cir. 2003). Back on July 25, 2022 — within the 90-day window — following another order from Judge Wolson, counsel for the City identified the individual defendants to plaintiff's counsel. DI 22-1 at 2. Plaintiff's counsel also asked counsel for the City to waive service of the individual defendants after the filing of the amended complaint. DI 22-2 at 2-3. Counsel for the City agreed. *Id.* The only way counsel for the City could have agreed to waive service is if he was also counsel for the individual defendants. Thus, under the "shared attorney" method, the amendment relates back, and the City's motion is denied. Plaintiff's counsel is not without some fault in all this, having approached the amended complaint clumsily, but the record also shows that the City was conspicuously laying a trap for plaintiff, sprung when it filed the motion to dismiss. That behavior ought not to be encouraged.

3. If they have not already, all counsel must review Judge Murphy's policies and procedures, available on his page on the Court's website;

4. The parties shall engage in early, ongoing, and meaningful discovery planning proportional to the needs of your case to allow plaintiff to timely file a Rule 26 report;

5. The parties must hold an initial Rule 26(f) conference no later than **September 28, 2023**;

6. If they have not already, the parties shall exchange the required initial disclosures under Fed. R. Civ. P. 26(a) on or before **October 5, 2023**;

7. If the parties have not begun discovery, then the discovery period begins on **October 5, 2023** and the parties shall exchange written discovery requests promptly thereafter;

8. If they have not already, all parties must comply with Rule 7.1 within 2 days of this order. Parties must supplement as needed. *See* Fed. R. Civ. P. 7.1(b).

9. After consulting with all parties, Plaintiff's counsel shall complete and file the required Rule 26(f) report incorporating, at a minimum, the contents of Judge Murphy's draft report attached to this order before **October 12, 2023**;

10. Lead trial counsel is required to appear at the conference; and,

11. Lead trial counsel shall have addressed settlement with all parties and be prepared to discuss status of settlement, including authority from the clients to settle.

MURPHY, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Plaintiff,

v.

Defendant.

Case No.

**JOINT RULE 26(f) REPORT**

Pursuant to Rule 26(f) and Judge Murphy's policies and procedures, the parties have thoroughly discussed a discovery plan and provide the following report:

**I.      Counsel**

        A.      Lead counsel for plaintiff(s):         _____

        B.      Lead counsel for defendant(s):       _____

        C.      All counsel who participated in Rule 26(f) conference on behalf of Plaintiff(s):
                _____
                _____
                _____

        D.      All counsel who participated in Rule 26(f) conference on behalf of Defendant(s):
                _____
                _____
                _____

NOTE: Per Judge Murphy's policies and procedures, lead counsel for a case **must** participate in the Rule 26(f) conference.

**II.     Description of claims and defenses**

The parties may assume that Judge Murphy has read the complaint and other pleadings and is familiar with the claims and defenses. With that in mind, counsel should go a layer deeper and summarize the key facts and threshold legal issues that underlie the claims and defenses. In addition, the parties should attach critical documents to this report, if not attached to the

pleadings already (*e.g.*, in a contract case, the document(s) comprising the contract; in a personal injury case, photographs of the scene, etc.).

### III. Stipulated facts and insurance coverage and deductibles

The parties must stipulate as to facts not in dispute.  We require stipulations to avoid duplicative and unnecessary discovery, wasted time in depositions asking questions about names, addresses and background or otherwise on dates which are undisputed, employment histories, etc.  While we do not expect you to stipulate to disputed facts at this early stage, we do expect a thorough recitation of undisputed facts.  The parties must also disclose insurance coverage, including retainer or deductible, consistent with Rule 26(a)(1)(A).

### IV. Anticipated scope of discovery

This information is critical to having a meaningful conference, and Judge Murphy's understanding of the scope and nature of discovery will largely determine the schedule.  The parties should consider the discovery that they will need and provide thoughtful answers.  Generic statements like "discovery about all claims and defenses" is unacceptable.  Judge Murphy invites the parties to vary from the default limits in the Federal Rules and provide thoughtful answers based on their actual assessment of the case.

    A.    Summarize with specificity those issues on which the parties will need to conduct discovery.  Identify categories of information each party needs in discovery and why.

    B.    Anticipated number of interrogatories per party:

        Plaintiff    _____

        Defendant    _____

    C.    Anticipated number of depositions per party:

        Plaintiff    _____

        Defendant    _____

      D.      Do the parties anticipate the need for any agreements on remote deposition protocols?

      E.      To the extent either party proposes to exceed the presumptive limits in the Federal Rules for discovery, explain the basis for that proposal.

      F.      Do the parties anticipate the need for a Fed. R. Evid. 502(d) order?

      G.      Do the parties anticipate the need for any third-party discovery? If so, identify the likely third parties and the discovery to be sought.

      H.      Do the parties anticipate the need for experts? If so, identify the subjects on which the expert(s) may opine. Be sure to point out whether defendant(s) will be advancing experts on affirmative issues, or only in response to plaintiff(s) experts. State whether expert depositions will be taken, and if so, an agreement or positions on how many will be required.

      I.      Does the plaintiff expect to request attorneys' fees as a prevailing party, either pursuant to a contract or a statute? If so, state the basis for the expected request.

      J.      Has each party provided written notice to the client of the obligation to preserve all relevant material, including electronic records?

              Plaintiff      _____

              Defendant      _____

**V.**    **Status of discovery**

The parties must summarize the status of discovery so far. If discovery has not progressed, the parties should explain why. In general, Judge Murphy expects the parties to begin discovery prior to the Rule 16 conference.

**VI.**    **Proposed case management deadlines**

      A.      Rule 26(a)(1) initial disclosures were exchanged: _____

      B.      Deadline to amend pleadings to add claims or parties (must be as early as practicable to avoid prejudice or unnecessary delays): _____

      C.      Deadline for affirmative expert reports (if any) and disclosure of lay witness opinion testimony with related information and documents (if any): _____

      D.      Deadline for rebuttal expert reports (if any): _____

      E.      Deadline(s) to complete fact/expert discovery: _____

      F.      Provide an explanation for the position of the parties on whether expert discovery will run concurrently with fact discovery or be sequenced after fact discovery.

      G.      If any party seeks more than 120 days for discovery, explain why.

      H.      Deadline to file motion for summary judgment: _____

## VII. Electronic discovery

The parties' Rule 26(f) discussions must include a thorough discussion about electronic discovery, including but not limited to: (1) the need for electronically stored information ("ESI"); (2) sources of ESI; (3) the anticipated scope of electronic discovery; (4) the identity of potential custodians; (5) whether search terms will be necessary and, if so, any limitations thereto; (6) the respective burdens of collecting, reviewing, and producing ESI, including any claims for cost-shifting under the Federal Rules of Civil Procedure; and (7) any anticipated problems with electronic discovery.  The parties should summarize their discussion on these issues here. Counsel who attends the Rule 16 conference should be familiar with and able to discuss any ESI-related issues that might arise.

In addition, the Parties should state whether they have agreed to an ESI stipulation.  If so, the parties should submit the stipulation to the Court in advance of the Rule 16 conference.  If not, the parties should identify what issues need to be resolved to finalize the stipulation.

## VIII. Protective orders and confidentiality agreements

The parties should indicate whether they anticipate the need for a protective order in this case.  If so, the parties must explain what type of information needs protection from disclosure and why such protection is warranted under governing standards.  In addition, the parties are directed to Judge Murphy's policies and procedures concerning protective orders and confidentiality agreements.

IX.    **Alternative dispute resolution**

    A.    Have the parties engaged in any settlement discussions? If so, set forth the status of those negotiations. If not, explain why not.

    B.    Have the parties explored or considered other forms of alternative dispute resolution? If so, summarize those efforts. If not, state the parties' positions with respect to ADR, as required under Local Rule 53.3.

    C.    Identify the individual who will attend the Rule 16 conference who will have authority to discuss settlement.

X.    **Consent to send case to a Magistrate Judge**

If all parties consent to have a United States Magistrate Judge conduct any or all proceedings in this case, pursuant to 28 U.S.C. § 636(c), the parties should indicate as such and complete and return to the Court a Consent and Reference Of A Civil Action To A Magistrate Judge, (available at this link).

XI.    **Service by electronic means**

Confirm that the parties consent to service of pleadings and discovery via email pursuant to Fed. R. Civ. P. 5(b)(2)(E). Any party that does not consent must explain its reasons.

XII.    **Policies and procedures**

Judge Murphy's policies and procedures are available for the parties to review on the Court's website. By signing below, counsel for each party and/or each *pro se* party represents that he or she has reviewed the Judge's policies and procedures and acknowledges the requirements contained therein. The parties and their counsel further acknowledge by signing below that Judge Murphy may strike pleadings and other submissions that do not comply with his policies and procedures.

XIII.    **Other matters**

The Parties should identify any other issues that have not been addressed above but may require the Court's attention (*e.g.*, anticipated motions, bifurcation, privilege issues, etc.).

[*DATE & SIGNATURES OF THE PARTIES*]